# MARCH 24, 1943

MRS. WANDA BOWMAN v. THE STATE.

No. 22449. Delivered March 24, 1943.

494

The opinion states the case.

*E. G. Flowers* and *Henry Bishop*, both of Fort Worth, for appellant.

*Marvin H. Brown, Jr.*, Criminal District Attorney, and *M. Hendricks Brown*, Assistant Criminal District Attorney, both of Fort Worth, and *Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The appellant, Mrs. Wanda Bowman, was convicted of the offense of aggravated assault and battery, and her punishment was assessed at a fine of $100.00 and imprisonment in the county jail for a period of 60 days, from which judgment she prosecutes this appeal.

It appears from the record that in September, 1941, a Mr. Green and Mrs. Casey made arrangements with Mrs. J. B. Moxley to board and care for Mr. Green's child, Bobbie Green, who was then approximately 20 months of age. About the 22nd day

of December, 1941, Mrs. Green (mother of the child) came to the home of Mr. and Mrs. Moxley, accompanied by Mr. and Mrs. Casey (Mrs. Casey being an aunt of the child) for the purpose of seeing it. About the first of June, 1942, Mrs. Green, accompanied by her husband, R. L. Green (they being the parents of the child) came to the Moxley home to see it. After visiting the child for a while, Mr. and Mrs. Moxley took the Greens and the child in their car to the home of Mr. and Mrs. Casey and left the child with them. On the next day, Mr. Green brought the child back. On the 13th of June, Mrs. Green, accompanied by Mr. and Mrs. Bowman, came to the Moxley home about 8:00 P. M., at which time Mrs. Green attempted to take the child by force. Mrs. Moxley held the child in her arm and at the same time endeavored to telephone Mrs. Casey. At this juncture Mrs. Green began to pull Mrs. Moxley's hair and called to the Bowmans, who were in an adjoining room, and said to them that Mrs. Moxley would not let her have the child, whereupon Mr. and Mrs. Bowman came upon the scene. Miss Mary Kathryn Moxley, who heard the commotion, came to the assistance of her mother. Thereupon, Mr. and Mrs. Bowman both immediately assaulted Miss Moxley, knocking her down and kicking and stomping her with their feet.

Appellant did not testify or offer any affirmative defense.

A number of objections were addressed to the court's main charge, the first of which relates to that part wherein the court instructed the jury that a person is guilty of an aggravated assault when he enters a house of a private family and is there guilty of an assault and battery. Appellant's contention is that when a person enters the home of a private family by invitation and there commits an assault and battery he is not guilty of an aggravated assault. We are not in accord with her contention.

Article 1147, P. C., provides as follows: "An assault or battery becomes aggravated when committed under any of the following circumstances:"

Then follow nine separate sections enumerating the circumstances under which the assault and battery becomes aggravated. The third section of said article reads as follows: "When the person committing the offense goes into the house of a private family and is there guilty of an assault and battery."

The statute makes no distinction between one invited into the house of a private family and one not so invited. The statute

was designed to protect the sanctity of the home and to render the owners thereof secure therein from violence by one who may have been invited to enter, as well as one who may be an intruder. This theory seems to find support in the case of Ward v. State, 68 Tex. Cr. R. 154, 151 S. W. 1073. See also 6 Corpus Juris Secundum, p. 939, section 81.

Appellant's next objection to the charge is that the court erred in not instructing the jury that Mrs. Green had the legal right to go into the home of Mr. and Mrs. Moxley and take her child which was being illegally withheld from her. In our opinion, appellant was not entitled to such an instruction. The child was placed in the care and custody of Mrs. Moxley by its father in which Mrs. Green acquiesced, as shown by her former visits there, but whether she did so or not is not of any moment. Even if it should be conceded that the child was illegally withheld from Mrs. Green, yet she had no legal right to take it from Mrs. Moxley by force. Her remedy to obtain possession of the child, if she was entitled to it, was by proper legal proceeding.

All other objections to the court's charge have been examined by us and are deemed to be without merit. To discuss each of them would unnecessarily extend this opinion and serve no useful purpose.

By Bills of Exception Nos. 1 and 2 appellant complains of the admission in evidence of the fact that her breath carried the odor of whisky, which indicated that she had partaken of it. This may be admitted under the rule of res gestae. She was exhaling the odor as she beat and battered the occupants of the home. It was a fact from which an inference could be drawn that she had thus stimulated her fighting spirit. We believe that under the rule announced by this court in the case of Garner v. State, 64 S. W. 1044, the evidence was admissible.

No error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.